UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremy D. Mount, | Case No. 21-CV-1489 (NEB/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Warden J. Fikes, D. Drilling, and J. Best, | |
| Defendants. | |

This action comes before the Court on Plaintiff Jeremy D. Mount's ("Mount") Motion for Extension of Time to File Form USM-285 and that he be provided with a copy of Docket Entry 57 (Dkt. 65); Motion seeking addresses from the Court of the Defendants he seeks to serve process upon (Dkt. 67); and Motions requesting that the Court appoint the U.S. Marshals Service to effectuate service of the Summons and Complaint on Defendants (Dkts. 71, 73, 76, 80).

On November 9, 2021, the Court granted Mount's Application to Proceed in District Court Without Prepaying Fees or Costs. (Dkt. 22 at 4-5.)

On May 16, 2022, United States District Judge Nancy E. Brasel issued an Order providing in relevant part for the present Motions before the Court as follows:

> 8. Plaintiff Jeremy Mount must submit a properly completed Marshal Service Form (Form USM-285) for each defendant. If he does not complete and return the Marshal Service Forms within 30 days of this Order's date, the Court will dismiss this matter without prejudice for failure to prosecute. The Clerk of Court is directed to provide Mount Marshal Service Forms; and
> 9. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to (a) serve process on the United States pursuant to Federal

> Rule of Civil Procedure 4(i)(1) and (b) serve process on each defendant pursuant to Federal Rule of Civil Procedure 4(e).

(Dkt. 57 at 7.)

On May 17, 2022, the Clerk of Court sent copies of Form USM-285 to Mount at the Sherburne County Jail. The mail was returned as undeliverable based on Mount's transfer, but it appears that these mailings were re-sent to Mount at the Federal Correctional Institute-Sandstone ("FCI-Sandstone") in Minnesota. Now, based on public records, it appears that Mount is presently incarcerated at Metropolitan Detention Center Correctional Institute-Brooklyn ("MDC-Brooklyn"), located in Brooklyn, New York. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/(last visited Aug. 25, 2022). It is unclear from the record when Mount was transferred, but apparently sometime after August 3, 2022. (*See* Dkt. 85 (seeking to enjoin his anticipated transfer).)

The Court notes that under Rule 4 of the Federal Rules of Civil Procedure, a Plaintiff typically has 90 days from the filing of his suit to serve the defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The present action was filed on June 24, 2021. (Dkt. 1)

This deadline has already been extended by the Court for Mount in this case, as he was given an extra 30 days from May 16, 2022 to fill out Form USM-285 as to each Defendant for the purposes of service. (Dkt. 57.)

Mount claims that he has not received the "paperwork" (presumably the Forms USM-285) referenced in the May 16, 2022 Order because of his transfer.[1] (Dkt. 65 at 3.) Mount also claims difficulty with service, as he has had limited access to a legal library and has lacked contact with other plaintiffs (Stephen Collins and Jonathan Sebert) that were initially part of his case. (*Id.* at 3-4.) He also seeks service of his Summons and Complaint[2] by the U.S. Marshals Service and includes a number of addresses for Defendant Warden Fikes and one possible address for Defendants Best and Drilling. (Dkts. 71, 73, 76, 80). In addition, he claimed confusion on how to fill out the forms, especially since he cannot serve them directly. (Dkt. 70.) Further, he seeks the addresses of Defendants and asks that the Court serve notice on them until he can serve notice. (Dkt. 67.)

As a starting point, Collins's claims against Defendants were severed and Sebert's claims were dismissed. (Dkt. 57 at 6-7.) As such, any delay caused by not being able to contact these individuals should not interfere with his attempts to serve Defendants. And the May 16, 2022 Order already provided for service once Mount filled out and returned

---

[1] It is somewhat unclear whether Mount also claims he did not receive the May 16, 2022 Order itself, but he received it at some point because he sought reconsideration of that Order a few days later. (Dkt. 69.)

[2] The Court notes that Mount filed a new Complaint on July 14, 2022 indicating that he intended to sue Defendants in their individual and official capacities. (Dkt. 78 at 1.) The Court had previously directed the three original Plaintiffs to file an amended complaint (Dkt. 27), Mount submitted a Memorandum in an attempt to satisfy this requirement (Dkt. 50 at 1 n.1), and the Court later severed Collins's claims and dismissed Sebert's claims (Dkt. 57). The July 14, 2022 Complaint names only Mount as a Plaintiff (Dkt. 78 at 1), and the Court accepts that as the operative pleading in this case.

3

the Forms USM-285. (*Id.* at 7.) What are still missing, however, are the completed Forms USM-285 from Mount for each Defendant. While Mount asks that this Court provide him with Defendants' addresses, "[i]t is well-established that an IFP plaintiff must provide correct addresses for service to the Marshals Service." *Beck v. Nutakor*, No. CIV. 04-686 PJS/SRN, 2008 WL 512706, at *2 (D. Minn. Feb. 25, 2008) (citation omitted); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) ("While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it was Lee's responsibility to provide proper addresses for service on Sneed and Webb. Lee's argument that the district court erred by not granting him default judgment against these two defendants is meritless."); *Stevens v. Villacorta*, No. 2:03CV103FTM-29SPC, 2006 WL 822100, at *7 (M.D. Fla. Mar. 27, 2006) ("While the Court is responsible for assisting pro se litigants proceeding in forma pauperis with service of process, when a plaintiff fails to provide the Court with valid addresses for the defendants, the Court cannot meet this responsibility. The Court is also responsible for seeing that its limited resources are allocated in a way that promotes the effective and efficient administration of the judicial system. If Plaintiff wishes to pursue litigation against Defendant Kirkland, Plaintiff must endeavor to find a new address for him and complete a new Form USM-285 for the U.S. Marshal's Office to attempt service at the new address. The necessary forms will be provided by the Clerk's Office.") (citing 28 U.S.C. § 1915(d)). As such, the request for addresses is denied. In any event, it appears that Mount has the addresses he needs based on his motions for service.

However, given the procedural posture of this case, the Court finds good cause to extend the time for service and the time to return the completed Form USM-285 for each Defendant with addresses where they can be served, especially based on Mount's apparent confusion on where to return the completed forms. The Court will also direct service by the U.S. Marshals Service once Mount returns the filled out Forms USM-285. As such, Mount will have an additional 60 days to submit a properly completed Marshals Service Form (Form USM-285) for each Defendant to the Court.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. The Complaint at Docket 78 is the operative pleading in his action.

2. Plaintiff Jeremy D. Mount's Motion for Extension of Time to File Form USM-285 (Dkt. 65) is **GRANTED**.

   a. Plaintiff Jeremy D. Mount must submit a properly completed Marshal Service Form (Form USM-285) **for each defendant**. If he does not complete and return the Marshal Service Forms to the Court within 60 days of this Order's date, the Court will recommend dismissal of this matter without prejudice for failure to prosecute as to any defendant the service form is not completed for. The Clerk of Court is directed to provide Marshal Service Forms to Plaintiff Jeremy Mount with this Order.

   b. After the return of the completed Marshal Service Forms, the United States Marshal Service is directed to effect service of process on Warden Fikes, J. Best, and D. Drilling (in their individual capacities) consistent with Rule 4(i)(3) of the Federal Rules of Civil Procedure.

   c. The U.S. Marshals Service is also directed to effect service of

        process on the United States consistent with Rule 4(i)(1) of the Federal Rules of Civil Procedure.

    d.    The Clerk of Court is also directed to provide Plaintiff Jeremy D. Mount with a copy of Docket Entry 57.

2.    Plaintiff Jeremy D. Mount's Motion seeking the addresses of the Defendants (Dkt. 67) is **DENIED**.

3.    Plaintiff Jeremy D. Mount's Motions requesting that the Court appoint the Marshals Service to effectuate service of the Summons and Complaint on Defendants (Dkts. 71, 73, 76, and 80) are **GRANTED** only insofar as the Court has directed service by the U.S. Marshals Service after Plaintiff Jeremy D. Mount returns properly completed Marshal Service Forms (Forms USM-285) as set forth in Paragraph 1(b)-(c) above.

Dated: August 25, 2022                              *s/Elizabeth Cowan Wright*
                                                          ELIZABETH COWAN WRIGHT
                                                          United States Magistrate Judge